IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE M WILLIAMS,

    Plaintiff,

v.                                    Case No. 1:16-cv-325-MW-GRJ

CAPELLA UNIVERSITY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before this Court is ECF No. 7, Plaintiff's Second Amended Complaint. For the reasons discussed below, the Court respectfully recommends that this case be dismissed.

### I.  INTRODUCTION

Plaintiff initiated this action on October 18, 2016, by filing a "Notice of Filing Suit for PHD Degree," in which he asserted that he intended to sue Defendant Capella University for his PHD degree. (ECF No. 1.) He also attached a notice of the right to sue from the Equal Employment Opportunity Commission ("EEOC"), which evidenced that the EEOC closed its file on the respective charge because there was no employer-employee relationship between Plaintiff and Defendant. The Court advised Plaintiff

that if he intended to proceed he must file an amended complaint that asserts a cause of action. (ECF No. 3.) Because Plaintiff had attached the EEOC notice, the Court sent Plaintiff a blank Title VII Employment Discrimination Complaint Form and instructions. (*Id.*)

Plaintiff filed an amended complaint on November 16, 2016. (ECF No. 4.) In the amended complaint Plaintiff asserts that he was employed previously by Defendant Capella University and that Defendant Capella University terminated his employment, failed to hire Plaintiff, failed to promote Plaintiff, retaliated against Plaintiff, failed to accommodate Plaintiff's disability, and subjected Plaintiff to unequal treatment. (*Id.*) The Court concluded that Plaintiff's allegations failed to state a claim for relief under Title VII because his claims were conclusory and did not include any factual allegations explaining how Defendant Capella University discriminated against him, retaliated against him, or subjected him to unequal treatment because of his race, sex, age, or disability. (ECF No. 6.) The Court also found that the factual allegations failed to state a claim for relief under the ADA because the claim was conclusory and failed to include any facts supporting such a claim.  Rather than dismissing Plaintiff's case, however, the Court afforded Plaintiff with a final opportunity

to file a second amended complaint.

Plaintiff has now filed his second amended complaint ("Complaint"). (ECF No. 7.) Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, and the Americans with Disabilities Act ("ADA"), naming four Defendants: (1) Capella University; (2) Dr. George Franks; (3) Dr. Lynn Hackstaff; and (4) Dr. John Gertz.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff is a sixty-one (61) year old, disabled, African-American, who previously was pursuing his Ph.D. degree at Capella University. According to Plaintiff, while Plaintiff was pursuing his degree, Defendant Franks (a professor at Capella) embarrassed and emotionally abused Plaintiff. Plaintiff says that Defendant Franks allegedly told the class that Plaintiff did not discover the cure for Sickle Cell Anemia. According to Plaintiff, he has spent his entire life researching the cure for Sickle Cell Anemia, has a patent pending with the United States Patent and Trademark Office ("USPTO"), and has a license to practice matching patients and the effect this has on blood donation.  Plaintiff also says that Defendant Franks failed to properly teach Plaintiff, which prevented Plaintiff from obtaining his Ph.D.

Plaintiff says that his assigned mentor, Defendant Hackstaff, admitted that she did not know anything about Plaintiff's dissertation topic and merely laughed at Plaintiff. Defendant Hackstaff also failed Plaintiff in a course so that he could not obtain his degree.

With regard to Defendant Gertz, an employee at the Dissertation Success Center, Plaintiff says that Gertz claimed he could help Plaintiff but did nothing to assist Plaintiff.  Plaintiff conclusionally alleges that Franks, Hackstaff, and Gertz prevented Plaintiff from getting his Ph.D. because he is African-American. Plaintiff alleges that he has been terminated from the Ph.D. program, cannot re-enter the program in the future, and therefore, cannot obtain his Ph.D.

Plaintiff also alleges that he is disabled and cannot eat meat, milk, cheese, monosodium glutamate, or fish.  Without providing any details or context, Plaintiff says that although Defendant Capella University was informed of Plaintiff's dietary restrictions, it provided Plaintiff a salad that contained cheese and meat as his accommodated meal.

As relief, Plaintiff seeks $64,000.00 and a Ph.D. in Healthcare Administration with a speciality in Public Health.

### III.  DISCUSSION

A  federal court is required to conduct an initial screening of a *pro se*

complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).*

The Court has screened Plaintiff's amended complaint and finds that the factual allegations fail to state a claim for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. "Title VII prohibits all discrimination in employment based upon race, sex, and national origin." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981). Plaintiff does not allege, however, that he was employed by any of the Defendants. Instead, it is evident from the allegations in the amended complaint that Plaintiff was a student at Capella University and that the individual Defendants were his teacher, mentor, and an administrative official at the dissertation success center. Accordingly, because Title VII only applies to discrimination by an employer against an

employee, and Plaintiff was not an employee of Capella, his claim for relief under Title VII fails as a matter of law.

Likewise, Plaintiff has failed to state a claim for relief under the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.  Discrimination under Title III includes:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

§ 12182(2)(A)(ii).[1]

In this case, Plaintiff alleges that he has a disability, cannot eat certain foods, and that despite being informed of his diet, Defendant Capella University failed to adhere to his necessary accommodations when

---

[1] Section 12182 also defines six other specific prohibitions. *See* §§ 12182(2)(A)(i), (iii)–(iv), (B)(i)–(ii). None of Plaintiff's allegations, however, plausibly suggest that any of these prohibitions apply.

they purchased a salad that included cheese and meat as Plaintiff's accommodated meal. Plaintiff, however, has not suggested that the alleged failure to accommodate prevented him from enjoying or utilizing any of Defendant Capella University's goods, services, facilities, privileges, advantages, or accommodations. To the extent Plaintiff claims he was unable to eat the salad, his allegations do not suggest that he was somehow prevented from pursuing a degree at Defendant Capella University, or from using their facilities or services, or anything of the like. *See Campbell v. Grady's Bar, Inc.*, No. 0:10-CV-60648-LSC, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010) (plaintiff failed to include any facts plausibly suggesting that he was unable to fully enjoy defendant's restaurant because of his encounter with certain barriers: "For instance, there is no allegation that Plaintiff could not enter the establishment because a handicap-accessible ramp did not exist or was too difficult to maneuver, the doorway was not wide enough to accommodate his wheelchair, or he was unable to open the front/rear door because of the placement of door hardware. Perhaps Plaintiff was able to enter the establishment, but he could not find a place to eat because of the size or height of the bar/serving counter, width of the aisles, or inaccessible seating. This Court is left to guess the manner in which Plaintiff suffered

alleged discrimination under the ADA."); *Baron v. Dulinski*, 928 F. Supp. 2d 38, 42–43 (D.D.C. 2013) (plaintiff's allegations that claims administrator denied her direct deposit for receipt of payments were insufficient to state an ADA claim because plaintiff did not allege she was denied physical access to administrator's office or that she was denied products and services offered to the general public). Accordingly, Plaintiff has not plausibly alleged a Title III ADA claim.

Although Plaintiff does not specifically allege a defamation claim against Defendant Franks in his statement of claims, Plaintiff makes multiple references to Defendant Franks' alleged slander throughout his complaint.  However, even liberally construing Plaintiff's complaint as alleging a defamation claim against Defendant Franks Plaintiff, nonetheless, has failed to state a claim for defamation against Defendant Franks.

A claim for defamation under Florida law requires a private plaintiff to prove the following elements: (1) a false or defamatory statement concerning the plaintiff; (2) published by the defendant to a third party; and (3) the plaintiff suffered actual damages as a result of the publication. *Sirpal v. University of Miami*, 509 F. App'x 924, 930 (11th Cir. 2013) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

Statements that tend to injure a person in his business or profession, such as making a statement to others that a person has committed a crime, fall into the slander "per se" category. *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. Dist. Ct. App. 2005). "Slander 'per se' is actionable on its face, but slander 'per quod' requires additional explanation of the words used to show they have a defamatory meaning or that the person defamed is the plaintiff. *Hood v. Connors*, 419 So. 2d 742, 743 (Fla. Dist. Ct. App. 1982). "[F]or per se actions general damages will be presumed, but for per quod actions the plaintiff must allege and prove special damages." *Id.*

In this case, although Plaintiff claims Defendant Franks told the class that Plaintiff did not discover the cure for Sickle Cell anemia, Plaintiff does not allege that Defendant Franks' statement was false. Rather, Plaintiff alleges only that he has a patent pending with the USPTO. Notably, the amended complaint is devoid of any information as to the subject of the patent application how the patent application has any connection to Defendant Franks' statement.

Plaintiff also does not plausibly allege that he suffered actual damages as a result of the publication. Because Plaintiff's allegations do not suggest that the alleged statement injured him in his business or profession, Plaintiff must allege special damages. *Cf. Hood*, 419 So. 2d at

743 (alleged statements that accused plaintiff of dishonest acts committed while holding public office, and therefore, directly impacted plaintiff's character and trustworthiness to hold public office, constituted slander per se). Although Plaintiff claims Defendant Franks embarrassed him and emotionally abused him, it is unclear whether the alleged embarrassment and emotional abuse derived from Defendant Franks' statement or from Defendant Franks' general treatment of Plaintiff with respect to his Ph.D.

The Court need not further parse Plaintiff's amended complaint to determine whether he could allege a claim for slander because even assuming Plaintiff had plausibly alleged a slander claim against Defendant Franks, this Court would lack subject matter jurisdiction over the claim. "Federal courts have limited jurisdiction and are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Gilmore v. Dir., U.S.D.O.L.*, 455 F. App'x 934, 935–36 (11th Cir. 2012) (internal quotation marks omitted). A federal court has subject matter jurisdiction over claims in one of three ways: (1) original jurisdiction under 28 U.S.C. § 1331; (2) diversity jurisdiction under 28 U.S.C. § 1332; or (3) supplemental jurisdiction under 28 U.S.C. § 1367. When a district court determines that it lacks subject matter jurisdiction over an action, dismissal is the appropriate remedy. Fed. R. Civ. P. 12(h)(3).

In this case, because Plaintiff has failed to plausibly allege a federal claim arising out of the Constitution, laws, or treaties of the United States, this Court lacks original jurisdiction over Plaintiff's case. *See* § 1331. And because this Court lacks original jurisdiction over Plaintiff's case, the Court also lacks supplemental jurisdiction over Plaintiff's state law claim. *See* § 1367(a).

Similarly, although a district court has diversity jurisdiction over state law claims where there is diversity of citizenship between the parties,[2] the amount in controversy must exceed $75,000. *See* § 1332. Here, Plaintiff specifically seeks $64,000 in damages, an amount less than the required $75,000 threshold for diversity jurisdiction. Therefore, because Plaintiff has not satisfied the amount in controversy requirement the Court does not have diversity jurisdiction over Plaintiff's state law claim. Accordingly, even if Plaintiff had plausibly alleged a slander claim against Defendant Franks under state law, this Court would lack subject matter jurisdiction over Plaintiff's case.  Dismissal is, therefore, the appropriate remedy.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

---

[2] Plaintiff alleges that he lives in Florida and that Defendant Franks lives in Minnesota. (ECF No. 7 at 2.)

Plaintiff's second amended complaint, ECF No. 7, should be **DISMISSED with prejudice** and the Clerk should be directed to close the file.

**IN CHAMBERS** this 12th day of December, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge